# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

NO. 03-12-00063-CV

Anthony Saucedo, Appellant

v.

Texas Department of Family and Protective Services, Appellee

FROM THE DISTRICT COURT OF HAYS COUNTY, 207TH JUDICIAL DISTRICT
NO. 11-0499-A, HONORABLE CHARLES A. RAMSAY, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Anthony Saucedo appeals the district court's order terminating his parental rights to his minor children, A.S. and R.S.  *See* Tex. Fam. Code Ann. § 161.001 (West Supp. 2011).  A jury found that Saucedo's parental rights should be terminated after hearing testimony that Saucedo fired a shotgun into the face and hand of his wife, the mother of A.S. and R.S., while the children were in another room in their home.  The evidence at trial included a deposition by Saucedo's wife describing the ordeal and a video of an interview in which A.S. and R.S. recalled hearing the shot and then seeing their mother wounded and bleeding.  Saucedo testified that the day in question was a blur due to his abuse of prescription drugs, but he believed his children when they said he shot their mother.  Saucedo testified that he loved his children and wanted to be a part of their lives.  However, he admitted that after a prior family violence incident, he repeatedly tested positive for drugs and never completed the therapy, drug treatment, or parenting classes in which he was ordered to participate.

On appeal, Saucedo's court-appointed attorney has filed an *Anders* brief informing this Court that he has made a "diligent review of the appellate record" and can find no arguable grounds to be advanced on appeal. *See Anders v. California*, 386 U.S. 738, 744 (1967). The brief meets the requirements of *Anders* by presenting a professional evaluation of the record demonstrating why there are no arguable grounds to be advanced. *See Taylor v. Texas Dep't of Protective & Regulatory Servs.*, 160 S.W.3d 641, 646–47 (Tex. App.—Austin 2005, pet. denied) (applying *Anders* procedure in appeal from termination of parental rights). Counsel has certified to this Court that he provided Saucedo with a copy of the *Anders* brief along with a notice advising Saucedo of his right to examine the appellate record and to file a pro se brief. No pro se brief has been filed.

Upon receiving an *Anders* brief, we must conduct a full examination of all of the proceedings to determine whether the case is wholly frivolous. *Penson v. Ohio*, 488 U.S. 75, 80 (1988). We have reviewed the entire record and the *Anders* brief submitted on Saucedo's behalf, and we have found nothing that would arguably support an appeal. We agree that the appeal is frivolous and without merit. Accordingly, we affirm the trial court's order terminating Saucedo's parental rights and grant counsel's motion to withdraw as attorney of record.

_____

Diane M. Henson, Justice

Before Justices Puryear, Henson, and Goodwin

Affirmed

Filed: June 19, 2012